IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELITE CASINO EVENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:23-cv-1281 |
| | ) | |
| v. | ) | |
| | ) | |
| ELITE CASINO EVENTS, LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Elite Casino Events, LLC ("Plaintiff"), by its undersigned counsel, respectfully sets forth this Complaint against Defendant, Elite Casino Events, LLC ("Defendant"), stating as follows:

## INTRODUCTION

1. This dispute arises from the wrongful and intentional acts of Defendant to infringe and profit from the trademark rights and commercial reputation belonging to Plaintiff under the Lanham Act, 15 U.S.C. § 1501, *et seq.*, and the Pennsylvania Trademark Act, 54 Pa.C.S.A. § 1101, *et seq*. Defendant has intentionally and willfully adopted and used a name identical to Plaintiff's trademark for Defendant's own commercial use and profit. Defendant's deceptive use of that name has caused confusion and mistake among customers and has allowed Defendant to improperly capitalize on Plaintiff's good will. Plaintiff brings this action seeking equitable relief and damages because Defendant's acts violate Plaintiff's intellectual property rights.

## PARTIES

2. Plaintiff is a Pennsylvania corporation with its principal place of business at 606 Liberty Ave., Suite 208, Pittsburgh, Pennsylvania 15222.

3. Defendant is a Texas corporation with its principal place of business in Texas and its registered office at 2205 North Henderson Ave., Dallas, TX 75206.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction over this action is conferred upon this Court by 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. §§ 1338(a)-(b).

5. This Court also has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant with respect to the causes of action set forth below because Defendant has committed the acts complained of in this District and threatens to purposefully commit further acts complained of in this District. More specifically:

   a. As detailed in Paragraphs 17, 18, and 32 below, Defendant has an interactive website at *www.elitecasinoevent.com* and a mobile application under the name *The Elite Casino App* that are accessible throughout the United States. The interactive functions on the website include the ability to fully book Defendant's services. Both parties are event planning services, and Defendant's website allows a consumer to plan their party. All payments are conducted before the party, so no money is exchanged the night of the actual event. Additionally, a consumer can book a virtual casino party hosted by Defendant which can feature Defendant's characters/actors. Through the mobile app, consumers can

play virtual casino games and learn more about and book Defendant's services. Upon information and belief,

      b.      As detailed in Paragraph 20 below, Defendant's conduct has caused direct harm to Plaintiff in Pennsylvania.

      c.      Upon information and belief, Defendant was aware of Plaintiff's principal place of business in Pennsylvania in 2013 – when Defendant was blocked from obtaining *elitecasinoevents.com* as a domain name, and Defendant has been and is aware that the trademark confusion resulting from Defendant's conduct causes harm to Plaintiff in Pennsylvania.

      d.      Upon information and belief, Defendant has provided services to companies and individuals in Pennsylvania either directly or through a "white label" arrangement with other vendors in Pennsylvania.

7.      Venue in this District is proper under 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL ALLEGATIONS

**I. Background**

8.      Plaintiff is a casino party rental company that was formed on December 12, 2012, and began operations later that same month (including use of an active website). Plaintiff markets and provides to its customers event planning, venue coordination, and game hosting services. Plaintiff's geographic footprint extends beyond Pennsylvania and its customer base includes individual and companies throughout the United States.

9.      Since 2012, Plaintiff has continuously and extensively used the name Elite Casino Events to identify its casino rental services and distinguish itself from those sold by others. To

protect its business, Plaintiff applied for and obtained a trademark for the logo Elite Casino Events through the United States Patent and Trademark Office on October 14, 2014 (the "Logo"), as shown here:



The Mark was registered under Class 41 and has been assigned Registration Number 4619677.  *See* Registration Certificate, United States Patent and Trademark Office, attached hereto as Exhibit A.

10.    To protect its trade name, Plaintiff applied for and obtained a trademark for the mark Elite Casino Events through the United States Patent and Trademark Office based on usage dating back to December 2012 (the "Mark") (the Logo and Mark collectively referred to as the "Marks").  The Mark was registered under Class 41 and has been assigned Registration Number 6921784.  *See* Registration Certificate, United States Patent and Trademark Office, attached hereto as Exhibit B.

11.    Plaintiff has made use of the Marks by prominently displaying them, along with other places, on its website, Facebook page, and in advertising.  *See* https://elitecasinoevents.com/ (last accessed on July 13, 2023); *see also* https://www.facebook.com/elitecasino (last accessed on July 13, 2023).  As a result of that usage, Plaintiff has enjoyed considerable success in the sale of its services, and the public has come to know and recognize the Marks as exclusively identifying those services.

12. Plaintiff secured the domain name *elitecasinoevents.com* on December 13, 2012, and Plaintiff launched its website with this domain name at or about this same time (and prior to the holidays at the end of that same month). Plaintiff's website was and continues to be available and accessible throughout the United States.

13. Plaintiff's early service territory included Pennsylvania and surrounding states, including Ohio and West Virginia. This service territory has expanded annually to include other states. For example, but not limitation, in 2017, Plaintiff's website included a general contact telephone number, a telephone number in Pittsburgh, and a third telephone number for contact in Maryland and Washington, D.C.

14. As a further result of Plaintiff's longtime efforts, the public—including individuals within this District—have come to recognize and rely upon the Mark to represent and symbolize the goodwill and business reputation that Plaintiff enjoys throughout the United States. *See* https://web.archive.org/web/20170505155110/http://www.elitecasinoevents.com/ (last accessed on July 13, 2023). Industry professionals who rely on Plaintiff's professional and positive business reputation include, but are not limited to:

a. Hello! Productions (https://helloproductions.com/), provides marketing, public relations, and social media services as well as event venue consultants in numerous states.

b. Tiffany and Design (https://tiffanyanddesign.com/), a premier luxury wedding planning and special events company servicing over 300 weddings.

c. Valley Mansion by Martin's (https://www.facebook.com/ValleyMansionbyMartins/), an event venue located in Cockeysville, Maryland.

       d.      Oakmont Country Club (https://www.oakmontcc.org/), a private country club featuring a golf course and event space for special occasions.

       e.      Cavanaugh's Bride Show (https://lovestartshere.com), a wedding professional company who connects couples with wedding professionals and features the largest and best attended Bride Show in the tri-state area.

## II.   Defendant's Infringement of Plaintiff's Trademark

15.    Upon information and belief, in 2013, Defendant began marketing and selling similar casino party rental services under the identical name, Elite Casino Events. Notably, Defendant purchased the domain name *elitecasinoevent.com* on April 12, 2013 (after Plaintiff had secured the domain name covering "elitecasinoevents" in a plural format). Even though Defendant's domain name is singular as to "event", and even though Defendant likely knew that Plaintiff had already secured *elitecasinoevents.com*, Defendant proceeded to market its services through a website and social media using Plaintiff's mark no earlier than June 2013.

16.    Defendant has marketed its services under Elite Casino Events on multiple social media pages, including Facebook and LinkedIn.

17.    Defendant has marketed virtual live video hosting events featuring a variety of casino games.

18.    Defendant has marketed an Elite Casino App to allow customers to both play interactive casino games and for potential consumers to learn more about booking through the app.

19.    The similarity between Plaintiff's Elite Casino Events trademark and Defendant's Elite Casino Events name is readily apparent, and has caused significant customer confusion,

damaged Plaintiff's reputation, and harmed the value associated with the Mark. These injuries are the direct result of Defendant's infringing acts.

20. Defendant's use of the Elite Casino Events name caused consumers to believe, falsely, that Defendant's services are associated with or related to Plaintiff. For example, the following documented exemplary, but non-limiting, incidents of customer confusion have occurred:

    a. Plaintiff has received numeroud service and logistical inquiries, concerns and complaints relating to Defendant's services from 2017 to present, with increasing frequency in recent years. In particular, since December 2022, the Plaintiff has received calls, emails, and chats from multiple angry clients of the Defendant concerning failures to render contracted products or services, damage to property claims and demands for refunds.

    b. Plaintiff has received almost twenty quote requests/booking requests directed to Defendant's company in, at least, 2017, 2021, 2022, and 2023 – with the frequency increasing in more recent years.

    c. Plaintiff has received phone calls and emails relating to Defendant's services in other respects, including without limitation (i) inquiries from collection agencies and vendors as to payment, (ii) job/employment inquiries, (iii) scheduling/rescheduling requests, (iv) late compensation payments and W2/1099 tax form inquiries from employees, (v) U-Haul rentals, and (vi) customer payments.

      d.      On or about December 24, 2022 to Feburary 14, 2023, Plaintiff received multiple communications from several employees and contractors asking and demanding when they would be paid for their services.

      e.      On or about December 24 and Deceomber 25, 2022, one of Defendant's employees made contact with Plaintiff demanding documents and back pay believing Plaintiff to be Defendant.

      f.      On or about December 3, 2022, Defendant's employee called Plaintiff numerous times asking about his "ride to an event." Despite informing the employee he had the wrong number, the employee called back twice more to complain and demand to speak with the manager.

      g.      Further, in 2017, the Defendant's attorney mistakenly emailed Plaintiff multiple times. Subsequentely, emails from jason@ciarochilaw.com were mistakenly sent to Plaintiff's email address in 2021 and 2022.

      h.      In addition, numerous social media posts critizing Defendant have been directed at Plaintiff, the most recent of these postings relate to services in Maryland – a long way from Texas.

21. The above examples are only a small subset of instances of confusion that have occurred on a weekly basis and which have been significantly increasing.

### III.  Injury to Plaintiff

22. Defendant's use of the name Elite Casino Events entices customers to mistakenly use its services rather than those offered by Plaintiff. The solicitation is made by utilizing the same

name as the Plaintiff's Mark and wrongly appropriating the goodwill of ELITE CASINO EVENTS by deceiving customers into believing that the offered services originate from Plaintiff.

23.     Plaintiff's and Defendant's use of the name ELITE CASINO EVENTS is similar which leads to confusion.  Below are the Google search results for 'Elite Casino Event,' Plaintiff is listed first and Defendant is listed second:



Elite Casino Events | Party Entertainment Pittsburgh PA
Elite Casino Events in Pittsburgh offers 5-star casino night parties and entertainment for your casino theme party! Call us at 855-711-3836!
Corporate Events · Private Parties · Fundraisers



Elite Casino Events | Award Winning Casino Party Provider for ...
Elite Casino Events specializes in casino theme parties, casino events, poker tournaments, corporate events, and more, book the best casino party Dallas, ...
Casino Party Pricing · Contact Us · Our Swagger · Casino Parties

24.     The same search results, in the same order, are generated based upon a search for "Elite Casino Events".

25.     As demonstrated above, Defendant's naming of its company by the same name previously adopted by Plaintiff, makes it very difficult, if not impossible, for the public to determine which company's services are being offered.

26.     Even if someone was looking for the Plaintiff, the Defendant's name will appear in a search.  The confusion allows the Defendant to benefit from the Plaintiff's goodwill.  Conversely, the resulting confusion has causes Plaintiff to be associated with complaints directed to Defendant for poor service, unpaid invoices, unpaid wages and compensation, etc.

27. Defendant is not now, nor has it ever been, authorized or licensed to use Plaintiff's Marks in its advertising. Defendant knowingly uses a name identical to Plaintiff's Mark for identical services to capitalize on the valuable and positive reputation and goodwill of the Mark.

28. Defendant's knowing and intentional infringement of Plaintiff's trademark has resulted in a false association between Plaintiff and Defendant and has misrepresented that Plaintiff actively promotes, sponsors, or is involved in the operation and/or management of Defendant's services.

**IV.   Defendant's Pre-Suit Notice of Infringing Behavior**

29. Previously, in 2014, Plaintiff informed Defendant that Plaintiff had priority of us and rights in the mark ELITE CASINO EVENTS. At that time, Plaintiff had already trademarked the Logo and registered its domain name (elitecasinoevents.com), and Plaintiff had been using the name Elite Casino Events since 2012.

30. While no formal settlement or resolution was reached in 2014, and the parties reserved all rights, Plaintiff was willing to forego any formal action against Defendant because of Defendant's representation that Defendant would operate in Texas only.

31. Subsequently, however, Plaintiff became aware in or about late 2022 that Defendant began to advertise that its services were available nationwide and that Defendant had implemented some form of a national marketing/booking program.

32. At or about that same time, Plaintiff began to receive an increased amount of damaging, aggressive, or angry phone calls, emails, and reviews about Defendant – but which were being directed to Plaintiff and Plaintiff's reputation.

33. This national campaign is demonstrated by and through statements made on the Internet and in social media including: "Providing Casino Parties Across the USA" and "We are nationally recognized as the industry leader." Examples of the nationwide advertising include:

    a. The prior home screen of Defendant's website (before receipt of Plaintiff's notice letters set forth in Paragraph 38 below):



WAYBACK MACHINE: INTERNET ARCHIVE, https://web.archive.org/web/20230607145958/https://elitecasinoevent.com/ (last accessed on July

13, 2023) (featuring ELITE CASINO EVENTS, https://elitecasinoevent.com/ (screenshot June 7, 2023)).[12]

      b.    Defendant's Twitter has numerous current posts about operating outside of Texas:



Elite Casino Events (@CasinoElite), TWITTER (last accessed July 13, 2023), https://twitter.com/CasinoElite.

---

[1] The homepage of the website declared, "Providing Casino Parties Across The USA" prior to Defendant's receipt of Plaintiff's Notice Letters.

[2] The WayBack Machine: Internet Archive is a non-profit digital library featuring various snapshots of internet sites that allows users to see what internet sites looked like during a certain time period. The WayBack Machine Internet Archive has received funding from organizations such as the Institute of Museum and Library Services and Council on Library and Information Resources and is a member of the American Library Association and International Federation of Library Associations and Institutions.



Elite Casino Events (@CasinoElite), TWITTER (May 18, 2023, 1:19 PM), https://twitter.com/CasinoElite/status/1659247340568313870.



Elite Casino Events (@CasinoElite), TWITTER (Feb. 21, 2023, 6:40 PM), https://twitter.com/CasinoElite/status/1628177799574966273.



Elite Casino Events (@CasinoElite), TWITTER (Nov. 26, 2022, 6:00 PM), https://twitter.com/CasinoElite/status/1596640081892474880.

34. Similarly, Defendant also has expanded its business and services beyond Texas by offering live interactive virtual casino parties over Zoom. These virtual parties allow participants to play Defendant hosted casino games, and can even feature 'character bombs,' in which actors

join the session.  Defendant also has created a mobile application, The Elite Casino App, which features the name ELITE CASINO EVENTS.  This mobile application allows users to play numerous casino games and learn more about and book events with Defendant.

35. Besides a growing online presence, Defendant also has expanded to a physical location outside of Texas.  Defendant now advertises a Las Vegas Location located at 6671 S Las Vegas Blvd., Suite 210, Las Vegas, NV 89119.

36. As referenced above at Paragraph 20, multiple documented instances of customer confusion have occurred.  Defendant has not honored and kept its commitment to stay in the geographical region of Texas, and Defendant's current use of ELITE CASINO EVENTS has caused actual confusion that has arisen from the similarities between the parties' respective names and services.

37. Because Defendant refuses to cease its infringing activities, Plaintiff continues to suffer actual damages and irreparable harm.

38. Accordingly, Plaintiff sent notice letters on June 2, 2023 and June 21, 2023, demanding that Defendant ceases using the Marks outside of Texas.  The Defendant provided ample time for Plaintiff to comply with the necessary changes.  *See* Notice of Trademark Infringement, attached hereto as Exhibit C, and Follow-Up to Notice of Trademark Infringement, attached hereto as Exhibit D.

39. To date, other than removing some, but not all Internet and social media references to nationwide services, Defendant has taken no action to mitigate or avoid the trademark confusion that has been caused by its knowing actions.

## COUNT I
### Trademark Infringement Under the Lanham Act

40. The preceding paragraphs of the Complaint are hereby incorporated by reference as though the same were fully set forth herein.

41. Plaintiff is the owner of the entire right, title, and interest in and to the Marks and has all rights to sue for infringement of the Marks.

42. The Marks have become uniquely associated with, and therefore identifies, Plaintiff as the origin of certain services.

43. Plaintiff is engaged in interstate commerce because it markets and sells its services to customers both in and outside of Pennsylvania.

44. Defendant has used and is continuing to use the name Elite Casino Events, in connection with the advertisement, promotion, and sale of casino rental and hosting party services, which directly infringes on the trademark rights exclusively owned and controlled by Plaintiff, without authorization, consent, or license to do so from Plaintiff.

45. Defendant's use of the name Elite Casino Events was intended to, has caused, and is likely to continue to cause, confusion, mistake, and deception among the public as to the origin of Defendant's casino rental services, and is likely to deceive both consumers and event coordinating professionals into believing that Defendant's services originate from, are associated with, or are otherwise authorized by Plaintiff.

46. Due to Defendant's acts of trademark infringement, Defendant has obtained direct and indirect commercial and financial benefits and profit it would not otherwise have realized but for its infringement of Plaintiff's Mark.

47. Plaintiff has suffered and will continue to suffer damages and irreparable injury as a result of Defendant's acts.

48. Defendant's acts constitute willful infringement of Plaintiff's Mark and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

49. Plaintiff is entitled to disgorgement of Defendant's profits and financial benefits directly and indirectly attributable to Defendant's infringement of Plaintiff's Mark in an amount to be established at trial.

50. Due to Defendant's acts of infringement, Plaintiff is also entitled to reasonable attorneys' fees and the costs of this action.

## COUNT II
## Trademark Infringement Under Pennsylvania Law

51. The preceding paragraphs of the Complaint are hereby incorporated by reference as though the same were fully set forth herein.

52. Defendant's use of a name identical or nearly identical to Plaintiff's Mark for casino party rental services has, and is likely to continue to, cause confusion, mistake, or deception as to the source of origin of Defendant's services, and is being carried out with knowledge or reckless disregard for the fact that such name is intended to be used to cause confusion or mistake or to deceive all in violation of Pennsylvania common law and 54 Pa.C.S.A. §§ 1123 and 1126.

## COUNT III
## Unfair Competition Under Pennsylvania Law

53. The preceding paragraphs of the Complaint are hereby incorporated by reference as though the same were fully set forth herein.

54. The acts, conduct, and practices of Defendant described above constitute deceptive and unfair business practices in violation of 73 P.S. § 201-1, *et seq*.

55. Defendant is a person engaged in the conduct of trade or commerce within the meaning of 73 P.S. § 201-1, *et seq*.

56. As a direct and proximate result of the actions, conduct, and practices of Defendant alleged above, Plaintiff has suffered, and will continue to suffer, irreparable injury and damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

a. That Defendant, its agents, officers, servants, and employees be enjoined preliminarily and permanently from infringing Plaintiff's trademark in any manner, including but not limited to, using any trade name which may be calculated to falsely represent or which has the effect of falsely representing that the services offered by Defendant are sponsored by, authorized by, or in any way associated with Plaintiff;

b. That Plaintiff be awarded all profits of Defendant plus all losses of Plaintiff, plus any other monetary advantage gained by Defendant through its infringement, the exact sum to be proven at trial;

c. That Plaintiff be awarded enhanced damages, attorneys' fees, and costs in accordance with 15 U.S.C. § 1117(a); and

d. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

**A JURY TRIAL IS DEMANDED.**

Date: July 14, 2023                                          Respectfully submitted,

                                          MEYER, UNKOVIC & SCOTT LLP

                                          By: *s/David G. Oberdick*
                                              David G. Oberdick, Esquire
                                              Pa. I.D. No. 47648
                                              Email: dgo@muslaw.com

                                              535 Smithfield Street, Suite 1300
                                              Pittsburgh, PA 15222
                                              Phone – 412 456 2800
                                              Fax – 412 446 2864

                                              *ATTORNEYS FOR PLAINTIFF*

4857-2050-7247, v. 4