# Exhibit D



**MEYER UNKOVIC SCOTT**
ATTORNEYS AT LAW

Writer's direct dial phone number and e-mail address:
412-456-2881 ~ dgo@muslaw.com

June 21, 2023

**VIA ELECTRONIC & CERTIFIED MAIL:**

Elaine Davidson
Elite Casino Events, LLC
1001 Altamesa Blvd
Fort Worth, TX  76134

Email:  info@elitecasinoevent.com

RE:   **Follow-Up to Notice of Trademark Infringement**

Dear Ms. Davidson:

 I have attached my prior letter to you dated June 2, 2023.  In that letter, I requested a response, by June 16, 2023, to my client's demands that you take immediate steps to address and remedy the reputational injury and harm that is being created in the marketplace by your and your company's unauthorized and improper infringement of my client's federal registered trademark for ELITE CASINO EVENTS.

 Neither I or my client received any response, including any denial of the outlined trademark infringement, by June 16, 2023, and I am writing first to confirm, by your silence, your tacit acknowledgement that the actions of you and your company constitute trademark infringement of my client's trademark rights and have caused resulting harm and damage to my client.

 In addition, this letter serves as formal notice that, if you and your company do not take steps by June 28, 2023, to fully remedy the harm that you have caused and are causing to my client, I will proceed to pursue all available legal remedies to address your intentional acts of trademark infringement.  Appropriate steps include all actions necessary to correct the false impression that you have created in the marketplace that you and your company serve markets outside of Texas and the resulting confusion whereby my client is receiving various communications and messages directed to your company, including, without limitation, negative reviews, demands for payment, and other notices.  Such actions should include, but not be limited to:

Meyer, Unkovic & Scott LLP  |  Henry W. Oliver Building  |  535 Smithfield Street, Suite 1300  |  Pittsburgh, PA 15222  |  412.456.2800

MERITAS® LAW FIRMS WORLDWIDE

Elaine Davidson
Page 2
June 21, 2023

1.  Take immediate actions to, and confirming in writing that you and your company will, cease any and all use of my client's ELITE CASINO EVENTS mark anywhere, including any confusingly similar variation, such as, without limitation, ELITE CASINO EVENT. At this point in time, we disagree that you have any priority of use for either of these marks in Texas, and your conduct, and the confusion it has created, has otherwise forfeited any purported rights that you have asserted in the past. Such cessation of use should include, without limitation, any use in your company's (a) correspondence, emails, quotes, contracts, estimates, event day or talent confirmations, employee communications, and (b) website - elitecasinoevent.com, social media sites, and/or any third-party web directories, as well as any and all webpages, booking/gig platforms, CRMs, pay-per-click marketing platforms, and any other Internet-based site that represents your business, services, or brand.

2.  Ceasing from any discussion of and commentary on my client, including, in particular, ceasing any and all disparaging, false and misleading such as referring to my client as "the smaller company in Pittsburgh."

3.  Taking all necessary steps to, and confirming in writing that you and your company will, remove your company's name from any Internet search results generated from a search of "Elite Casino Events" or "Elite Casino Event".

4.  Taking all necessary steps to, and confirming in writing that you and your company will, limit your company's services and marketing to Texas only, and deleted any reference to a service territory outside of Texas. Such deletions should occur in any public communications as well as in any Google ad words and related social media marketing strategies.

5.  Taking all necessary steps to, and confirming in writing that you and your company will, preclude any other confusion between our respective clients that has occurred and would occur in the future absent such. Just this week, my client received yet another email from a customer who did business with your company last year and was seeking a quote for this year. To be clear, this type of confusion and the other examples of confusion outlined in my prior letter, including my client's receipt of negative reviews and communications because of your company's services MUST END.

In addition, because of your tacit acknowledgement of infringement, my client is now requesting copies of your company's federal and state returns, bank records and any other financial documentation showing total gross revenue and all direct and indirect costs of operation.

Elaine Davidson
Page 3
June 21, 2023

      Absent a response to this email on or before June 28, 2023, we will proceed to initiate other available actions. On behalf of my client, all other rights, remedies and damages are reserved.

      Very truly yours,

      David G. Oberdick

DGO/lam
Enclosure

4885-0099-5435, v. 1



# MEYER UNKOVIC SCOTT
ATTORNEYS AT LAW

Writer's direct dial phone number and e-mail address:
412-456-2881 ~ dgo@muslaw.com

June 2, 2023

**_VIA ELECTRONIC & CERTIFIED MAIL:_**

Elaine Davidson
Elite Casino Events, LLC
1001 Altamesa Blvd
Fort Worth, TX  76134

Email: _info@elitecasinoevent.com_

   RE: **Notice of Trademark Infringement**

Dear Ms. Davidson:

  We serve as legal counsel for Elite Casino Events, LLC, and, in this capacity, are writing to provide notice that your company is infringing upon the trademark rights of Elite Casino Events. The issues were raised before in 2014, and, at that time, your company defended its claim to priority of use of "Elite Casino Events" in Texas – despite the fact that my client registered its domain name of elitecasinoevents.com prior to your company's registration of elisecasinoevent.com (December 13, 2012 vs. April 12, 2013). Further, while your domain name continues to be singular, the mark that you continue to use is plural. At that time, my client held federal registration rights in the logo for Elite Casino Events at No. 4619677 for "Hosting social entertainment events, namely, casino events, for others." First use of that mark occurred as early as January 1, 2013. My client has since secured federal registration rights in the standard character mark for ELITE CASINO EVENTS at No. 6921784 for the same services and based on use beginning as early as December 12, 2012. Your company has no federally registered copyrights.

  While no formal settlement or resolution was reached in 2014, and all rights were reserved, my client was willing to forego any formal legal action against you at that time because of your representations as to use of your mark in Texas only. Your subsequent actions have since rendered these representations as false because your company is now asserting nationwide services. For example, your current website states: "Providing Casino Parties Across the USA". Similarly, your Twitter page states: "We are nationally recognized as the industry leader."

  Not surprisingly, this expanded use of your mark is creating significant actual confusion and damage to the reputation of my client. For example, the following instances of confusion have

Meyer, Unkovic & Scott LLP   |   Henry W. Oliver Building   |   535 Smithfield Street, Suite 1300   |   Pittsburgh, PA 15222   |   412.456.2800

MERITAS® LAW FIRMS WORLDWIDE

Elaine Davidson
Page 2
June 2, 2023

occurred, with many involving instance where poor communications and/or service on your part has been attributed to my client:

    1.    My client has received numerous service/logistical inquiries, concerns and complaints relating to your company's services from 2017 to present, again with increasing frequency in later years. In particular, in the winter and spring of this year, my client has received calls, emails and chats from **multiple of your angry clients** concerning failures to render contracted products or services, damage to property claims and demands for refunds.

    2.    My client has received almost twenty quote requests/booking requests directed to your company in, at least, 2017, 2021, 2022, and 2023 – with the frequency increasing in more recent years.

    3.    My client has received phone calls and emails relating to your services in other respects, including without limitation (i) inquiries from collection agencies and vendors as to payments, (ii) job/employment inquiries, (iii) scheduling/rescheduling requests, (iv) late compensation payments and W2/1099 tax form inquiries from employees, (v) U-Haul rentals, and (vi) customer payments. From December 24, 2022 to February 14, 2023, my client received multiple communications from several of your employees/contractors asking and demand when they would be paid for their services rendered. One employee made contact multiple times on Christmas Eve and Christmas Day demanding documents and back pay. Earlier on December 3, 2022, one of your employees called multiple times asking about his "ride to an event." Our receptionist told him that he had the wrong number, but he called back twice more to complaint and demand the ability to talk with a manager.

    4.    Multiple emails from your attorney were sent in 2017 to the email address for my client. Subsequently, emails from jason@ciarochilaw.com were sent to my client's email address in 2021 and 22.

Because of these numerous and increasingly angry calls (as to your company's failures in service and payments, my client has hired an answering service to screen calls and advise that my client does not serve clients in Texas. More recently, though, the geographic scope of you continuing failures has expanded to intersect with geographic areas where my client has unquestioned priority of use.

In addition, number social media posts criticizing your company's services and operations are being directed to my client because you have created confusion as to the geographic scope of operations. The most recent of these postings related to services in Maryland – a long way from Texas.

Elaine Davidson
Page 3
June 2, 2023

      My client has, at no time, provided to you or your company any permission to use the mark ELITE CASINO EVENTS, or any variations thereof, in any country, including, in particular, the United States, and hereby expressly states that such use is not authorized. While an issue remains as to priority of use in Texas, you have no authorized use outside of that state. Your use of marks and language identical and/or confusingly similar to my client's trademark infringes upon my client's trademark rights by, among other things, causing customer confusion, damaging the reputation of my client, discouraging the good will and diluting the value associated with my client's ELITE CASINO EVENTS trademarks. In addition, without limitation of the rights and claims in the United States and elsewhere, your conduct constitutes unfair competition.

      Accordingly, I am writing to demand that you (1) cease and desist from offering your service under the name ELITE CASINO EVENTS anywhere outside of Texas, (2) cease and desist from claiming any service territory outside of Texas, and (3) take immediate action to address and correct the confusion caused by your infringing use of the same mark. I request that you response to this letter on or before June 16, 2023 and confirm that you have taken action to address my client's demands.

      We respectfully request your prompt attention to this matter. Your failure to cooperate will result in severe consequences, as our client is not hesitant to take legal action. On behalf of my client, we reserve all rights and claims belonging to my client in connection with your use of the ELITE CASINO EVENTS mark and confusingly similar variations thereof, including, but not limited to, claims for damages, equitable relief and reimbursement of legal fees.

                                       Very truly yours,

                                       David G. Oberdick

DGO/lam

4862-3298-9523, v. 1