IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELITE CASINO EVENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:23-cv-01281-LPL |
| | ) | |
| v. | ) | |
| | ) | |
| ELITE CASINO EVENTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT**

AND NOW, comes the Plaintiff, Elite Casino Events, LLC ("Plaintiff"), by its undersigned counsel, and files this motion for alternative service of process on Defendant, Elite Casino Events, LLC ("Defendant"), pursuant to Federal Rule of Civil Procedure 4(e)(1) and in support thereof states as follows:

**I.      Legal Standard**

1. In federal court, Plaintiff may serve Defendant pursuant to the law of the state in which the district court sits or in which service is to be effected.  Fed. R. Civ. P. 4(e)(1).

2. Plaintiff can satisfy Rule 4(e)(1) by serving Defendant in a manner consistent with Pennsylvania or Texas law.  *Washington County Family Entertainment, LLC v. RNN Entertainment Inc.*, 2018 U.S. Dist. Lexis 1382 *3 (Jan. 4, 2018).

**A.      Original Service:  Pennsylvania**

3. Under Pennsylvania law, a plaintiff may serve a defendant outside the Commonwealth by:

(1) by personal service, as provided in Pennsylvania Rule 402(a);

(2) by mail, as provided in Pennsylvania Rule 403; and

(3) as permitted by the law of the jurisdiction in which service is to be made.

*See* PA. R. Civ. P. 404(1)-(3).

4. If service cannot be made, the plaintiff can move for alternative service. *Washington County Family Entertainment, LLC v. RNN Entertainment Inc.*, 2018 U.S. Dist. Lexis at *3-4.

5. Under Pennsylvania law, Plaintiff must meet three conditions for alternative service:

    a. First, Plaintiff "must make a 'good faith' effort to locate Defendant. *Id.* at 4; *See Calabro v. Leiner*, 464 F. Supp. 2d 470, 471 (E.D. Pa. 2006).

    b. Second, once Defendant is located, Plaintiff must show that she has made practical efforts to serve Defendant but has been unable to do so. *Id.* at 4-5.

    c. Third, after Plaintiff satisfied the first two steps, the proposed alternate means of service must be reasonable to provide Defendant with notice of the proceedings. *Id.* at 5-6.

**B.** **Original Service:  Texas**

6. Under Texas law, a complaint can be served by:

(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or

(2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.

*See* TX. R. Civ. P. 106(a)(1)-(2).

7. If service cannot be made, the plaintiff can move for alternative service "[u]pon motion supported by a statement-sworn to before a notary or made under penalty of perjury-listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service":

    a. By leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or

    b. In any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

*See* TX. R. Civ. P. 106(b).

**C.**  **Original Service:  Alternative Federal Rules of Civil Procedure**

8. The Federal Rules of Civil Procedure also permits service by:

(1) delivering a copy of the summons and of the complaint to the individual personally;

(2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

9. As outlined below, Plaintiff has complied with attempting service according to the standards in Pennsylvania, Texas, and through the Federal Rules of Civil Procedure.  Service has not been successful, and Plaintiff seeks alternative service to proceed with the Complaint.

    **D.**    <u>**Time Extension for Servicing**</u>

10.    Pursuant to Federal Rule of Civil Procedure 4(m) and for good cause shown, Plaintiff requests an additional thirty (30) days to effectuate service on Defendant.

11.    If the plaintiff shows good cause for the failure to serve within 90 days, the court must extend the time for service for an appropriate period.  Fed. R. Civ. P. 4(m).

12.    As outlined below, Plaintiff has engaged in numerous good-faith efforts to serve Defendant.  Service has not been successful, and Plaintiff seeks a thirty (30) day extension to the servicing time period.

**II.**    <u>**Attempts to Serve Complaint**</u>

13.    This action was commenced by Plaintiff to recover damages and prevent further trademark infringement by Defendant of Plaintiff's registered mark "ELITE CASINO EVENTS".

14.    On or about July 14, 2023, Plaintiff, filed a Complaint in the above captioned action.

15.    On or about July 26, 2023, service was attempted, but was unsuccessful, by certified mail to (i) Defendant's registered agent in Texas, and (ii) 1001 Altamesa Blvd., Fort Worth, TX 76134, the latter of which was the address to which two prior demand letters had been sent to the Defendant, and which were later responded to by email from Defendant's counsel, Jason Ciarochi. *See* Complaint, ¶ 38 and Exs. C and D [ECF No. 1].  A copy of the certified mail receipt is attached hereto and marked as "Exhibit A" and incorporated by reference as if fully set forth herein.

16.    Upon inquiry to Defendant's counsel by email dated August 8, 2023, he indicated by responsive email of the same date that he was not authorized to accept service of the Complaint.

A copy of the Defendant's counsel's email is attached hereto and marked as "Exhibit B" and incorporated by reference as if fully set forth herein.

17.     Plaintiff thereafter attempted to serve the Complaint by certified mail to three other business addresses listed on Defendant's website (i) 100 Crescent Court, Suite 700, Dallas, TX 75201, (ii) 100 Congress Avenue, Suite 2000, Austin, TX 78701, and (iii) 700 Milam Street, Suite 1300, Houston, TX 77002.  A copy of the certified mail receipts is attached hereto and marked as "Exhibit C" and incorporated by reference as if fully set forth herein.  These attempts also were unsuccessful and were returned as undeliverable.

18.     On or around September 19, 2023, Plaintiff contracted David Barberena, an individual authorized to deliver Subpoenas, Citations and other notices within the State of Texas, to serve Defendant.  A copy of the Affidavit of Attempts is attached hereto and marked as "Exhibit D" and incorporated by reference as if fully set forth herein.

19.     Mr. Barberena attempted service at 2205 North Henderson Avenue, Dallas, TX 75206.  *See* Exhibit D.

20.     The North Henderson location was listed as Defendant's registered agent's address.  A copy of the Texas Controller of Public Accounts Franchise Tax Details is attached hereto and marked as "Exhibit E" and incorporated by reference as if fully set forth herein.

21.     Service failed as the North Henderson location is a vacant lot.  *See* Exhibit D.

22.     On September 21, 2023, Mr. Barberena then attempted service at 100 Cresent Court, Ste. 700, Dallas, TX 75201 which is a listed business address for Defendant.  *See* Exhibit D.

23. The location is a shared office space and the receptionist said no one from Defendant's business was present.  *See* Exhibit D.

24. Mr. Barberena left his contact information and asked the receptionist to have a representative for Defendant call him, but Mr. Barberena never received a phone call.  *See* Exhibit D.

25. On September 23, 2023, Mr. Barberena attempted service at Elaine Davidson's home address, 1913 Windmill Hill Lane, Desoto, TX 75115.  *See* Exhibit D.

26. Elaine Davidson is the CEO of Elite Casino Events, LLC.

27. Mr. Barberena rang the doorbell multiple times and after no answer, left a contact request slip attached to the door and the mailbox.  *See* Exhibit D.

28. On September 25, 2023, Mr. Barberena attempted service again at Elaine Davidson's address.  *See* Exhibit D.

29. Packages at the mailbox and door further identified the address as Elaine Davidson's.  *See* Exhibit D.

30. On September 26, 2023, Mr. Barberena attempted service again at Elaine Davidson's address.  *See* Exhibit D.

31. Despite numerous attempts to send the complaint by certified mail, by Plaintiff's counsel, and by a local personal processor, Defendant has still not been served.  Plaintiff's counsel incorporates an Affidavit outlining the good-faith attempt to service Defendant.  A copy of the Affidavit is attached hereto and marked as "Exhibit E" and incorporated by reference as if fully set forth herein.

WHEREFORE, Elite Casino Events LLC, respectfully requests that this Honorable Court grant the within Motion for Alternative Service of Process and enter an Order permitting Plaintiff to serve the Complaint by (1) sending to Defendant's business email ([Info@EliteCasinoEvent.com](mailto:Info@EliteCasinoEvent.com)), (2) sending by regular mail to the Altamesa Blvd. and North Henderson Avenue addresses identified above, (3) posting at Elaine Davidson's home address at Windmill Hill Lane, and/or (4) in such other manner as this Court deems just and proper. Further, service is extended an additional 30 days to allow time for the methods of alternative service.

        Respectfully submitted,

        MEYER, UNKOVIC & SCOTT LLP


        By: *s/David G. Oberdick*
            David Oberdick

        ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within **MOTION FOR ALTERNATIVE SERVICE** has been served upon the following by regular U.S. Mail on this 29th day of September 2023.

Elite Casino Events, LLC
1001 Altamesa Blvd.
Fort Worth, TX  76134

Elite Casino Events, LLC
2205 North Henderson Avenue
Dallas, TX  75206;

Elaine Davidson
1913 Windmill Hill Lane
Desoto, TX  75115

_____
David G. Oberdick

4882-4635-3539, v. 3