IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELITE CASINO EVENTS, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:23-cv-01281-LPL |
| | ) |
| v. | ) |
| | ) |
| | ) |
| ELITE CASINO EVENTS, LLC, | ) ELECTRONICALLY FILED |
| | ) |
| Defendant. | ) |

**MOTION FOR ENTRY OF DEFAULT JUDGMENT
AGAINST DEFENDANT ELITE CASINO EVENTS, LLC**

Plaintiff, by their undersigned counsel, hereby move this Court to enter judgment on default against Defendant, Elite Casino Events, LLC, and in support thereof, avers as follows:

1. On November 1, 2023, the Clerk, on Plaintiff's request, entered a default against Defendant, Elite Casino Events, LLC ("Defendant"), for failure to answer or otherwise plead to the complaint. ECF 12. A true and correct copy of the docket report for this matter is attached to this Motion as **Exhibit 1**.

2. The record in this case reveals that Plaintiff's Complaint against Defendant was filed on July 14, 2023. ECF 1.

3. Service was originally attempted on July 26, 2023, but was unsuccessful.

4. After being granted a Motion for Alternative Service and an extension of the service deadline, Service was completed on October 5, 2023. ECF 9.

5. As such, Defendant was required to respond on or before October 26, 2023.

6. No answer, appearance, or other defense has been filed by Defendant.

7. Defendant is not in military service nor is a minor or incompetent person.

8. A defaulting defendant is deemed to admit the factual allegations of a plaintiff's complaint, except those relating to the amount of damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *Net Constr., Inc. v. C & C Rehab & Constr., Inc.*, 256 F.Supp.2d 350, 354 (E.D.Pa. 2003). Although a default establishes a defendant's liability, the court should assess the amount of damages suffered by a plaintiff unless the amount of damages is or can be made certain. *Net Constr., Inc.*, 256 F.Supp.2d at 354. *See also Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1364 n.27 (11th Cir. 1997).

9. In moving for a default judgment, a plaintiff has the burden of proving its entitlement to the requested damages. *Net Constr., Inc.*, 256 F.Supp.2d at 354. *See also Oberstar v. FDIC*, 987 F.2d 494, 505 n.9 (8th Cir. 1993). In ruling on such a motion, the court may rely on detailed affidavits/declarations or documentary evidence to determine the appropriate sum for the default judgment. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). In addition, if the court deems it necessary to investigate any matter in order to determine the appropriate amount of plaintiff's damages, the court may order an evidentiary hearing. *Comdyne I*, 908 F.2d at 1149. However, a court is not required to do so, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir 1997). Finally, the plaintiff is entitled to all reasonable inferences from the evidence offered. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

10. Here, Plaintiff is seeking a determination of an amount of damages based on the actual damages, legal fees, and costs involved, and is further respectfully asking this Honorable Court for injunctive relief to prevent future damages. Finally, Plaintiff also requests an accounting

of the Defendant's business revenues to ascertain the amount of Defendant's own profits as damages.

11.  The Plaintiff respectfully requests the entry judgment by default against Defendant Elite Casino Events, LLC, in the above-entitled action, in the principal amount of $42,421.83, plus post-judgment interest, which amount incorporates Plaintiff's actual damages, legal fees, and legal costs, as more fully detailed in the Declarations of Dawn Takacs (the "Takacs Declaration") (**Exhibit 2** hereto) and David G. Oberdick (the "Oberdick Declaration") (**Exhibit 3** hereto).

12.  Actual damages and legal fees and costs are recoupable under 15 U.S.C. § 1117(a)(2) (stating damages are available "to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action.").

13.  "In assessing damages, the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount." 15 U.S.C. § 1117(a)(2).

14.  Here, actual damages were incurred by Plaintiff in response to confusion in the market caused by Defendant, and, in particular, when Plaintiff was inundated with calls meant for Defendant beginning in or about December 2022, including collection calls, and calls from disgruntled former employees and dissatisfied customers of Defendant. Because of these calls, and in order to protect the reputation and good will of Plaintiff, Plaintiff retained additional services and hired additional personnel to screen calls and explain the ongoing trademark infringement and confusion.

15.  As set forth in Paragraph 6 of the Takacs Declaration, these costs total $10,039.11 through October 2023 (and with these costs continuing because of Defendant's continuing infringement and resulting infringement and harm to Defendant):

a. Hiring a Receptionist Call Center to screen calls for about $350 per month. In particular, the Plaintiff received the following invoices for the Call Center beginning on August 17. 2022 and running for 16 months through November 16, 2023:

| Invoice No. | Invoice Amount |
|---|---|
| INV00453269 | $319.93 |
| INV00463744 | $319.93 |
| INV00474165 | $319.93 |
| INV00484370 | $480.43 |
| INV00494530 | $373.43 |
| INV00504634 | $497.55 |
| INV00514801 | $353.10 |
| INV00524938 | $353.10 |
| INV00534931 | $353.10 |
| INV00545028 | $353.10 |
| INV00555009 | $246.10 |
| INV00564850 | $246.10 |
| INV00574810 | $246.10 |
| INV00584492 | $246.10 |
| INV00594088 | $357.38 |
| INV00603283 | $246.10 |
| Total: | $5,311.48 |

  b. Hiring Chat Service to screen clients for $149 per month for 15 months, for a total of $2,235.

  c. Hiring a Virtual Assistant compensated at $800 per month for 13 months, who spent 25% of her time involved in duties troubleshooting problems caused by the infringement. The total through the end of October 2023, at 25% of the total invoices, is $2,492.63.

 16. Plaintiff also has incurred legal fees and costs in defending its trademarks and good will by pursuing this legal action. Under the Lanham Act, a "court in exceptional cases may award reasonable attorney fees to the prevailing party. 15 U.S.C. § 1117(a). "[A]n 'exceptional' case is . . . one that stands out from others," *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).

 17. The legal fees and costs incurred by Plaintiff in pursuing this action and obtaining a default judgment total $30,335.00 and $2,047.72, respectively, through November 20, 2023, and as set forth more fully in the Oberdick Declaration.

 18. As detailed more fully in the accompanying Brief in Support of Motion for Default Judgment, and the supporting Oberdick and Takacs Declarations, this case is exceptional and does stand out from others.

 19. Plaintiff's mark was used first in time, and Defendant knew of Plaintiff's mark almost a decade ago. At that time, represented that Defendant would not engage in business outside of Texas. [ECF No. 1, ¶¶ 29-39]. Plaintiff first provided notice to Defendant of confusion in the marketplace in 2014, at which time Plaintiff informed Defendant that Plaintiff had priority of United States and common law rights in the mark ELITE CASINO EVENTS. *Id.* at ¶¶ 29 and 30. While no formal settlement or resolution was reached in 2014, and the parties reserved all rights, Plaintiff was willing to forego any formal action against Defendant because of Defendant's

representation that Defendant would operate in Texas only. *Id.* at ¶30. Defendant then proceeded to compete in states outside of Texas, and more recently, even in the New England area including New York and Maryland. *See* Takacs Declaration, ¶¶ 4(h); 5(e). As such, Defendant has engaged in knowing and intentional acts of trademark infringement, and Defendant has forfeited any legitimate claim to rights in the subject mark.

20.   In addition, Defendant has purposefully evaded service despite knowing the ongoing litigation, causing a drastic increase in Plaintiff's legal fees.

21.   As detailed in the Complaint and the Motion for Alternative Service, Defendant previously received two demand letters from Plaintiff and responded through legal counsel. [ECF No. 1, ¶¶ 38-39] and [ECF Nos. 6 and 7].

22.   After Defendant refused to cooperate with the demand letters and after its attorney responded to the demand letters (but refused to accept service of the Complaint), Defendant then purposefully evaded the complaint's service which was sent to the same address and email address.

23.   Ultimately, Plaintiff was forced to file a Motion for Alternative Service. [ECF Nos. 6 and 7].

24.   As part of the initial efforts at service of process, a Texas servicer informed Plaintiff that the registered agent's address was a vacant lot. *Id.*

25.   Under Texas law, an agent's registered address must be a location in which the agent is reachable.

26.   Defendant misrepresented itself to the Texas Secretary of State and also purposefully evaded Service, causing an increase in legal fees and costs for Plaintiff.

27.   Throughout this time period, Defendant continued using Plaintiff's mark, which financially benefited Defendant while causing Plaintiff continuing harm.

28. The Plaintiff respectfully submits that it is entitled to recover the legal fees and legal costs it has incurred in this matter, because it is exceptional and it would be an injustice to allow Defendant to evade service, complicate service by failing to comply with a Texas law meant to avoid this situation, continue to monetarily benefit from Plaintiff's mark despite the ongoing litigation, and all the while causing Plaintiff continued harm.

29. Taking the allegations of the Complaint as true, together with the Takacs Declaration, Defendant was on notice about its infringing behavior, made false commitments to Plaintiff, and then purposefully dodged attempts at service, all the while continuing to profit of its still ongoing infringing behavior. Further, Defendant is using Plaintiff's name in "bad faith", and Defendant is not providing promised services to its customers, whereby Plaintiff is being accused publicly and incorrectly as having failed in providing services to Defendant's customers. These actions constitute bad faith. *Brand v. NCC Corp.*, 540 F. Supp. 562, 565 (E.D. Pa. 1982) ("While the statute fails to define 'exceptional,' it has been interpreted to require a finding of intentionality akin to fraud.").

30. Plaintiff's actual damages plus its incurred legal fees and costs total $42,421.83.

31. Plaintiff also requests a Court Order directing Defendant to provide an accounting of Defendant's profits pursuant to 15 U.S.C. § 1117(a)(2) (stating damages are available "to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."). *See also SpinMaster, Ltd. v. Zobmondo Entm't, LLC*, 944 F. Supp. 2d 830, 840 (C.D. Cal. 2012)(citation omitted)("proxy theory of profits is based on the idea that the defendant diverted sales that would have gone to the plaintiff but for the infringement. This theory is designed to 'compensate the plaintiff for sales which he has lost as a result of his customers being diverted to the infringer'"). In particular, Plaintiff respectfully submits that it is entitled to an

accounting of Defendant's revenue and expenses from January 1, 2014 (when Defendant was first provided notice of its infringing conduct) to the present.

32. Finally, the Plaintiff requests the entry of judgment by default in the form of a permanent injunction against Defendant Elite Casino Events, LLC enjoining Defendant from using the trademarks and/or names "ELITE CASINO EVENTS" and "ELITE CASINO EVENT" throughout all of the United States, and, in particular, enter an Order directing that:

    A. Effective immediately, the current Registrant of Defendant's website, Domains By Proxy, LLC, and/or Defendant, Elite Casino Events, LLC (Texas), must suspend and/or remove all content associated with the domain name "elitecasinoevent.com" and take all steps necessary to thereafter transfer the registration of the domain name "elitecasinoevent.com" to Plaintiff, Elite Casino Events, LLC as the new Registrant, with associated updating of the contact information for this domain name.[1]

    B. Effective immediately, Defendant is enjoined permanently from using the trademarks and/or names ELITE CASINO EVENTS or ELITE CASINO EVENT on any social media platform, and Defendant, Elite Casino Events, LLC (Texas), and/or the hosts of any social media platforms hosting an account associated with Defendant, Elite Casino Events, LLC (Texas) must suspend and/or remove all content associated with each account, including, but not limited to, the following social media accounts:

        i. https://www.linkedin.com/company/elite-casino-events-llc
        ii. https://twitter.com/CasinoElite
        iii. https://www.facebook.com/TXEliteCasinoEvents
        iv. https://www.instagram.com/EliteCasinoEvents/
        v. https://www.youtube.com/@ElitecasiNoevents

    C. Effective immediately, Defendant, Elite Casino Events, LLC (Texas), is enjoined permanently from using the trademarks and/or names ELITE CASINO EVENTS or ELITE CASINO EVENT as a registered business name.

---

[1] As set forth in the Oberdick Declaration, at ¶ 9 and Ex. D thereto, Defendant currently operates a website at the domain name www.elitecasinoevent.com. For this domain name, the Registrar is GoDaddy.com, LLC and the Registrant Organization is Domains By Proxy, LLC.

> D. Effective immediately, Defendant, Elite Casino Events, LLC (Texas), is enjoined permanently from using the trademarks and/or names ELITE CASINO EVENTS or ELITE CASINO EVENT in any other manner physically, orally or electronically and in connection with any products or services, and Defendant, Elite Casino Events, LLC (Texas), is directed to destroy any documents, advertising materials, gaming materials, other goods and merchandise in the possession of and/or being used by Defendant, Elite Casino Events, LLC (Texas), that bear the trademarks and/or names ELITE CASINO EVENTS or ELITE CASINO EVENT, and also to provide an inventory of all items destroyed together with a sworn certification of same.

*See* 15 U.S.C. § 1116(a)(vesting the ability to grant an injunction to prevent the violation of a registered trademark). "Injunctive relief is granted when the remedy at law is inadequate." *Game Power Headquarters, Inc. v. Owens*, 1995 U.S. Dist. LEXIS 5998 *18 (E.D. Pa. May 5, 1995). Permanent Injunctive Relief is an appropriate remedy in Motion for Default regarding trademark infringement. *See General Nutrition Inc. Co. v. Laurel Season, Inc.*, 2020 U.S. Dist. LEXIS 154857 (W.D. Pa. Aug. 26, 2020)(granting Plaintiff's Motion for Default Judgment and Permanent Injunctive Relief in a trademark infringement dispute).

33. Under the Lanham Act, the court has jurisdiction to grant injunctive relief based on equity and to prevent future violations of the Act. 15 U.S.C. § 1116(a). To qualify for permanent injunctive relief, no adequate remedy of law exists to prevent irreparable future harm. *Ciba-Geigy Corp v. Bolar Pharmaceutical Co.*, 747 F.2d 844, 850 (3rd Cir. 1984); 11 Wright and Miller, Federal Practice and Procedure § 2944 (1st ed. 1942 & Supp. 1994).

34. "Injunctive relief is the standard remedy for infringement and unfair competition claims since monetary damages cannot fully compensate the injured party." *Game Power Headquarters, Inc. v. Owens*, 1995 U.S. Dist. LEXIS 5998 at 19. This is because, "[a]bsent injunctive relief, the prevailing party will suffer future injury from the infringing behavior." *Id. See also* McCarthy, *supra*, § 30.02 (1994); 11 Wright and Miller, *supra*, § 2944 (1st ed. 1942 &

Supp. 1994). In the present case, and as set forth more fully in the accompanying Brief in Support of Motion for Default Judgment, all requisites are satisfied for imposition of a permanent injunction against Defendant as a "standard remedy for infringement and unfair competition claims."[2]

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant, Elite Casino Events, LLC (a Texas limited liability company) in the amount of $42,421.83, plus post-judgment interest and any future damages sustained by Plaintiff, and further order that:

1. Defendant Elite Casino Events, LLC (a Texas limited liability company) is directed to provide an accounting of its profits, *i.e.*, all revenues and expenses on a yearly basis, beginning as of January 1, 2014, and through to the present; and

2. Defendant Elite Casino Events, LLC (a Texas limited liability company) is permanent enjoined from using the trademarks and/or names "ELITE CASINO EVENTS" and "ELITE CASINO EVENT" throughout all of the United States, and, in particular, that:

>   A. Effective immediately, the current Registrant of Defendant's website, Domains By Proxy, LLC, and/or Defendant, Elite Casino Events, LLC (Texas), must suspend and/or remove all content associated with the domain name "elitecasinoevent.com" and take all steps necessary to thereafter transfer the registration of the domain name "elitecasinoevent.com" to Plaintiff, Elite Casino Events, LLC as the new Registrant, with associated updating of the contact information for this domain name.

>   B. Effective immediately, Defendant is enjoined permanently from using the trademarks and/or names ELITE CASINO EVENTS or ELITE CASINO EVENT on any social media platform, and Defendant, Elite Casino Events, LLC (Texas), and/or the hosts of any social media platforms hosting an account associated with Defendant, Elite Casino Events, LLC (Texas) must suspend and/or remove all

---

[2] To avoid any confusion, Plaintiff is not requesting and accounting as a prerequisite to injunctive relief. The requested injunctive relief can and should be entered on an immediate basis.

content associated with each account, including, but not limited, to the following social media accounts:

  i. https://www.linkedin.com/company/elite-casino-events-llc
  ii. https://twitter.com/CasinoElite
  iii. https://www.facebook.com/TXEliteCasinoEvents
  iv. https://www.instagram.com/EliteCasinoEvents/
  v. https://www.youtube.com/@ElitecasiNoevents

C. Effective immediately, Defendant, Elite Casino Events, LLC (Texas), is enjoined permanently from using the trademarks and/or names ELITE CASINO EVENTS or ELITE CASINO EVENT as a registered business name.

D. Effective immediately, Defendant, Elite Casino Events, LLC (Texas), is enjoined permanently from using the trademarks and/or names ELITE CASINO EVENTS or ELITE CASINO EVENT in any other manner physically, orally or electronically and in connection with any products or services, and Defendant, Elite Casino Events, LLC (Texas), is directed to destroy any documents, advertising materials, gaming materials, other goods and merchandise in the possession of and/or being used by Defendant, Elite Casino Events, LLC (Texas), that bear the trademarks and/or names ELITE CASINO EVENTS or ELITE CASINO EVENT, and also to provide an inventory of all items destroyed together with a sworn certification of same.

       Respectfully Submitted,

       MEYER, UNKOVIC & SCOTT LLP

       By: /s/ David G. Oberdick
        David G. Oberdick
        PA I.D. #47648
        dgo@muslaw.com

       Henry W. Oliver Building
       535 Smithfield Street, Suite 1300
       Pittsburgh, PA 15222-2315
       (412) 456-2800
       (412) 456-2864/Fax

       ATTORNEY FOR ELITE CASINO EVENTS, LLC

Dated: November 27, 2023

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within **MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST ELITE CASINO EVENTS, LLC** was served this 27th day of November, 2023, upon the Defendant, Elite Casino Events, LLC (Texas), as follows:

1. By electronic mail to Defendant's business email (Info@EliteCasinoEvent.com);

2. By regular mail to:

    Elite Casino Events, LLC
    1001 Altamesa Blvd.
    Fort Worth, TX  76134

    Elite Casino Events, LLC
    2205 North Henderson Avenue
    Dallas, TX  75206;

                                              MEYER, UNKOVIC & SCOTT LLP

                                              By: /s/ David G. Oberdick
                                                  David G. Oberdick