IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELITE CASINO EVENTS, LLC**, | ) |
| Plaintiff, | ) |
| vs. | ) 2:23cv01281 |
| **ELITE CASINO EVENTS, LLC**, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Pending before the Court is a Motion for a New Trial Under Rule 59 brought by Defendant Elite Casino Events, LLC, a Texas limited liability company, which the court has construed as a motion to lift default judgment. For the reasons set forth below, the motion will be denied.

**I. Procedural and Factual History**

Plaintiff, Elite Casino Events, LLC ("Plaintiff"), a Pennsylvania company, brought suit for trademark infringement against Elite Casino Events, LLC ("Defendant"), by a Complaint filed on July 14, 2023. Both companies are event planning services. Plaintiff requested injunctive relief and the recovery of damages to prevent trademark infringement of Plaintiff's registered marks "ELITE CASINO EVENTS." ECF No. 1. After numerous unsuccessful service attempts, Magistrate Judge Lenihan (ret.) granted a Motion for Alternative Service on October 2, 2023. ECF No. 8. In the absence of a response to the Complaint, and as requested by Plaintiff, the Clerk entered a Default on November 1, 2023. ECF Nos. 10, 12. The Court

entered an Order and Default Judgment on November 29, 2023, which was modified on February 15, 2024, pursuant to Plaintiff's request. ECF Nos. 15, 17, 18. On March 21, 2024, Defendant filed the instant motion. ECF No. 19.

In its motion, Defendant claims that: 1) it did not receive notice of the suit until December of 2023; 2) one of the supporting exhibits for the Motion for Alternative Service was inadequate; and 3) it has a meritorious defense to the suit. Plaintiff responds that: 1) Defendant had actual notice of the Complaint and simply sought to avoid service of process; 2) plaintiff filed an Errata correcting the exhibit that Defendant alleges was inadequate; and 3) the instant motion is untimely and procedurally defective.

## II. Standard of Review

Defendant has labeled its motion as a "Motion for a New Trial Under Rule 59." ECF No. 19. But there has not been a trial – only the entry of a default judgment. ECF No. 15. Further, the very rule under which Defendant purports to bring this motion, Federal Rule of Civil Procedure 59, provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Since Plaintiff filed this motion almost four months after the Order and Default Judgment, it is not timely under Rule 59.

Nevertheless, the Court is "free to recharacterize the motion . . . to match the substance of the relief requested." *Ahmed v. Dragovich*, 297 F.3d 201, 208 (3d Cir. 2002). The Third Circuit has held that where "the motion is filed outside of the [twenty-eight] days provided for under Rule 59(e) but within the year permitted under Rule 60(b), and the motion may be read to include grounds cognizable under the latter rule, [and properly can be considered] to have been filed as a Rule 60(b) motion." *Id.* at 209. Thus, this Court will construe Plaintiff's motion as a motion to set aside judgment under Federal Rule of Civil Procedure 60(b).

2

Pursuant to Rule 60(b), a party may seek relief from a final judgement or order. Whereas Rule 60(a) only applies to "clerical mistakes," Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005).

Under Rule 60(b), a final judgment may be set aside for these reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Significantly, "[t]he remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1346 (3d Cir. 1987) (citing *Page v. Schweiker*, 786 F.2d 150, 158 (3d Cir.1986); s*ee also Coltec Indus., Inc. v. Hobgood*, 184 F.R.D. 60, 63 (W.D. Pa. 1999). Indeed, the party "who seeks such extraordinary relief from a final judgment bears a heavy burden." *Pilsco v. Union R.R. Co*., 379 F.2d 15, 17 (3d Cir. 1967).

A Rule 60(b) motion is addressed to the sound discretion of the court and the disposition of it must be guided by accepted legal principles applied in light of all the relevant circumstances. *See Pierce Assoc., Inc. v. Nemours Found*., 865 F.2d 530, 548 (3d Cir. 1988). When considering a Rule 60(b)(6) motion, the court must use a "flexible, multifactor approach . . . that takes into account all the particulars of a movant's case." *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014). Granting such a motion, however, is warranted only in the "extraordinary circumstance[ ] where, without such relief, an extreme and unexpected hardship would occur."

*Id.* at 120.

### III. ANALYSIS

At the outset, a "mistake" under Rule 60(b)(1) is not implicated here because this basis for relief only concerns mistakes of a substantive nature and Defendant's claims were dismissed on procedural grounds. *See Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975). Moreover, Defendant does not rely on newly discovered evidence under 60(b)(2), and similarly does not rely upon 60(b)(3) fraud (vis a vis the entry of default), 60(b)(4) a void judgment, nor satisfaction, release, or discharge under 60(b)(5). Thus, these clauses of 60(b) are inapplicable. The grounds for relief under 60(b) that remain are "excusable neglect" under 60(b)(1) and the "catch-all" basis set forth in Rule 60(b)(6).

Beginning with the requirements for "excusable neglect" under Rule 60(b)(1), this Court must consider "all relevant circumstances surrounding a party's failure to file." *George Harms Const. Co. v. Chao*, 371 F.3d 156, 163 (3d Cir. 2004) (*citing Pioneer Inv. Servs. Comp. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Here, Defendant states that "CEO Elaine Davidson did not receive this suit until December of 2023," but it never disavows actual knowledge. In other words, the CEO's lack of knowledge is the reason Defendant failed to respond to the suit.

However, Plaintiff notes that "service should have reasonably notified Defendant" as it was served at many places, including its corporate headquarters, the CEO's personal address, other business locations, the business email address and other locations. ECF No. 22 at 3. Indeed, Plaintiff asserts that Defendant had *actual* notice and simply sought to avoid service of process; the Fort Worth street address which was served had previously been used "to send cease and desist letters to Defendants – to which Defendant responded through counsel" and because

4

"Defendant's previous lawyer confirmed that he received a copy of the Complaint and would speak to his client regarding the Complaint."[1]  *Id*.  Plaintiff also provides a comprehensive timeline of takedown actions which it asserts put Defendant on actual notice.  ECF No. 22 at 11-12.  Under these circumstances, the CEO's lack of knowledge fails to demonstrate how Defendant's neglect was "excusable" under Rule 60(b)(1).

Defendant's other arguments under the "catch-all" provision of Rule 60(b)(6) likewise are unavailing.  A party seeking relief under Rule 60(b)(6) must demonstrate the existence of "extraordinary circumstances" that demonstrate justification for reopening the judgment.  *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (collecting cases).  To establish "extraordinary circumstances" a party must show that "without relief from the judgment an extreme and unexpected hardship will result."  *Laurel Mgmt. Grp., LLC v. White Sheep Corp.*, No. 2:18CV1000, 2021 WL 1185922, at *5 (W.D. Pa. Mar. 30, 2021) (internal quotation marks omitted) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

Regarding Defendant's claim that one of the supporting exhibits in the Motion for Alternative Service was inadequate, the record indicates the exhibit was corrected the same day through an Errata.  ECF No. 7.  And Defendant's claim that it has a meritorious defense to the suit is specious because Defendant has failed to present a showing that it has a *prima facie* meritorious defense.  At the very least, this unsupported assertion does not provide the "special circumstances" required by the Third Circuit overturn a judgment.  Defendant, as the party seeking "such extraordinary relief from a final judgment" has not borne the "heavy burden" it

---

[1] Plaintiff asserts in its Complaint that prior to filing it sent cease and desist letters to Defendant by certified mail to 1001 Altamesa Blvd., Fort Worth, TX 76134, and to Defendant's email at info@elitecasinoevent.com; and these letters were received by Defendant, as Defendant's legal counsel responded. Complaint, ECF No. 1 ¶ 38.

bears. *See Pilsco,* 379 F.2d at 17. To the contrary, defendant has failed to identify any sound basis for the relief it seeks. In sum, the record fails to support relief from judgment under Rule 60(b).

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion will be denied. An appropriate order will follow.

Date: December 31, 2024

                                              s/David Stewart Cercone
                                              David Stewart Cercone
                                              Senior United States District Judge

cc:    David G. Oberdick, Esquire
        Jaden Hope Rankin-Wahlers, Esquire
        Warren Norred, Esquire

        (*Via CM/ECF Electronic Mail*)